UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GWENDOLYN WHITE-MANNING, as Administrator of the Estate of RICHARD L. MANNING, Deceased,<br><br>                    Plaintiff,<br><br>v.<br><br>JEFFRY J. BREWER, M.D., et al.,<br><br>                    Defendants. | **REPORT AND RECOMMENDATION AND ORDER**<br><br>1:21-cv-01170-JLS-JJM |

_____

This is a medical malpractice/wrongful death action against 29 health care professionals and organizations, including both federal and non-federal employees. Before the court is a motion by the federal employee defendants to substitute the United States as defendant in their place and to dismiss plaintiff's claim against the United States [3],[1] and plaintiff's cross-motion to remand the action against the non-federal defendants to state court [8]. The motions have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [9].

Having reviewed the motions and engaged in an additional exchange with counsel [12], for the following reasons I order that the United States be substituted as a party in place of the federal employee defendants. I further recommend that plaintiff's claim against the United States be dismissed (with leave to amend), and that plaintiff's cross-motion to remand denied.

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

## BACKGROUND

Plaintiff commenced this action in State of New York Supreme Court, County of Erie on October 4, 2021, alleging negligence and malpractice in the treatment of plaintiff's decedent, Richard L. Manning, at the Buffalo VA Medical Center from January 1, 2018 through January 5, 2020. Complaint [8-6]. Her Complaint did not seek relief against the United States itself. The next day, her attorney submitted a "Claim for Damage, Injury, or Death" to the Department of Veterans Affairs, VA Western New York Healthcare System, seeking personal injury damages of $10 million and wrongful death damages of $2 million for Mr. Manning's negligent treatment. [8-6]. "[T]he VA entered the administrative tort claim into its computerized database and began review of the Plaintiff's claim on October 14, 2021."  Lillis Declaration [3-2] ¶7.

On October 29, 2021, U.S. Attorney Trini E. Ross, acting "[p]ursuant to 28 U.S.C. §2679(d)", certified that 21 of the named defendants (hereafter "the federal defendants") "were acting within the scope of their employment with the Department of Veterans Affairs with respect to the claims alleged in the summons and complaint". [3-1]. On that same date, the federal defendants removed the action to this court [1], and the pending motions [3, 8] ensued.

## DISCUSSION

**A.     Substitution of the United States for the Federal Defendants**

28 U.S.C. §2679(d)(2) (known as the "Westfall Act"), provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any

-2-

time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." In light of Attorney General Ross's Certification, the United States is substituted as a party to this action, in place of the federal employee defendants.

B.Dismissal of Plaintiff's Claim Against the United States

The Federal Tort Claims Act ("FTCA") precludes a claim against the United States for the negligence of its employees "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency". 28 U.S.C. §2675(a). "The exhaustion requirement under §2765(a) is jurisdictional, and failure to exhaust administrative remedies prior to bringing a claim under the FTCA divests the district court of subject matter jurisdiction over that claim." Porter v. Hirsch, 345 F.Supp.2d 400, 403 (S.D.N.Y. 2004); Aliev v. United States Postal Service, 2020 WL 1956301, *3 (W.D.N.Y. 2020).

At the time of the motion to dismiss, plaintiff's administrative claim against the United States had not yet been exhausted, since the VA had not yet denied the claim. Therefore, plaintiff agreed that the action should be "dismissed as to the United States . . . . with leave to recommence the action within six months of the denial of plaintiff's pending administrative tort claim". Plaintiff's Memorandum of Law [8-1] at 3. More recently, however, plaintiff suggests

that "[t]he VA never denied Plaintiff's administrative claim in writing and more than six (6) months ha[ve] expired since the VA acknowledged receipt of Plaintiff's federal tort claim. Pursuant to 28 USC Section 2675(a), the failure of the VA to issue a written denial is deemed to be a final denial for purposes of this section. Since all administrative remedies have been exhausted, it is respectfully submitted that the case can now proceed in this court". April 25, 2022 letter [12] at 8.[2]

Although the preconditions to suit under the FTCA have now been exhausted, "Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process". McNeil v. United States, 508 U.S. 106, 112 (1993) (emphasis added). Therefore, "[d]ismissal is required even if administrative remedies are exhausted shortly after filing of the civil suit". R.C.L. Infant v. Bronx-Lebanon Hospital Center, 2015 WL 1499745, *4 (S.D.N.Y. 2015). Accordingly, plaintiff's claim against the United States must be dismissed for failure to exhaust administrative remedies.

C.   Remand

Plaintiff argues that "if the United States' motion to substitute and dismiss is granted against the Federal Defendants, the above-captioned action must be remanded to New York State Supreme Court as to the remaining, non-federal defendants pursuant to 28 U.S.C. §1447(c). Plaintiff's Memorandum of Law [8-1] at 4. The United States "takes no position" in that regard. [12] at 1.

---

[2]   28 U.S.C. §2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section".

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded". Some cases have concluded that the dismissal of a plaintiff's claim against the United States under the FTCA deprives the court of subject matter jurisdiction, requiring remand of the remaining defendants. *See*, *e.g.*, Porter, 345 F. Supp. 2d at 403, 404 ("[d]ismissal of the claims against the United States dissolves the sole basis for this Court's exercise of subject matter jurisdiction over the claims against the remaining defendants. Consequently, because there is no original federal subject matter jurisdiction, the action against the remaining defendants is remanded to the New York State Supreme Court"); Delgado v. Our Lady of Mercy Medical Center, 2007 WL 2994446, *5 (S.D.N.Y. 2007) ("[b]ecause the Court has found that dismissal is appropriate with respect to the federal claim against the United States as the substituted defendant for Yara, there remains no independent basis for federal jurisdiction with respect to any claims against Our Lady of Mercy . . . . Accordingly, Delgado's case against Our Lady of Mercy is dismissed without prejudice and remanded to New York Supreme Court, Bronx County").

However, in my view these cases cannot be reconciled with the Supreme Court's holding that the Attorney General's certification as to scope of employment pursuant to 28 U.S.C. §2679(d)(2) "renders the federal court exclusively competent and categorically precludes a remand to the state court". Osborn v. Haley, 549 U.S. 225, 243 (2007). Osborn makes clear that "once a state tort action has been removed to a federal court after a certification by the Attorney General, it may never be remanded to the state system". Id. at 227.

"§2679(d)(2) provides a conclusive basis for federal subject matter jurisdiction in all cases, regardless of whether certification is ultimately upheld . . . . It follows from Osborn that this basis for federal subject matter jurisdiction remains despite the fact that (i) the United States

has been dismissed as a defendant, (ii) the remaining claims arise solely under state law, and (iii) the remaining defendants are Virginia citizens [non-diverse from plaintiff] . . . . Thus, because plaintiff cannot demonstrate that subject matter jurisdiction is lacking, a remand of this case is not proper under § 1447(c)." Kebaish v. Inova Health Care Services, 731 F. Supp. 2d 483, 487 (E.D. Va. 2010). *See also* Ponds v. Veterans Medical Research Foundation, 2013 WL 607847, *5 (S.D. Cal. 2013) ("although what remains of this case may be only state law claims between non-diverse parties, 'the Westfall Act's command that a district court retain jurisdiction over a case removed pursuant to §2679(d)(2) does not run afoul of Article III.' Osborn, 549 U.S. at 245. Therefore, Plaintiff's motion to remand is denied").

Accordingly, while recognizing the existence of some contrary authority, I conclude that this court lacks the ability to remand plaintiff's claims against the non-federal defendants.

**D.      Leave to Replead**

Since this court retains subject matter jurisdiction, I see no reason why plaintiff may not amend her Complaint to allege compliance with the FTCA's jurisdictional requirements, which have now been satisfied. *See* McIntosh v. United States, 2018 WL 1275119, *7 (S.D.N.Y. 2018) ("[p]laintiff has not attempted to plead or argue that he complied with the FTCA's exhaustion requirement. The Court simply does not have jurisdiction to entertain Plaintiff's FTCA claim . . . . However, Plaintiff's FTCA claims are dismissed without prejudice, and Plaintiff is granted leave to file an Amended Complaint within 20 days of this Opinion. Consequently, if Plaintiff has exhausted his administrative remedies pursuant to the FTCA by that time, he may assert his FTCA claim in his Amended Complaint"); Vitrano v. United States,

2008 WL 1752221, *4 (S.D.N.Y. 2008) ("Mr. Vitrano's amended complaint fails to show that the jurisdictional prerequisites for an FTCA claim have been met . . . . When and if Mr. Vitrano is able to plead satisfaction of jurisdictional prerequisites, he will be entitled to assert these claims either by amending his complaint here or by filing a new action").

**CONCLUSION**

For these reasons, I (1) order that the motion to substitute the United States as a party in place of the federal employee defendants [3] be granted; (2) recommend that the motion to dismiss plaintiff's claim against the United States [3] be granted, with leave to replead; and (3) recommend that plaintiff's cross-motion to remand her claim against the remaining defendants be denied.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by May 17, 2022. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

-8-

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 3, 2022

/s/ *[signature]*
JEREMIAH J. MCCARTHY
United States Magistrate Judge