UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GWENDOLYN WHITE-MANNING, as
Administratrix of the Estate of Richard
L. Manning, Deceased,

        Plaintiff,

v.

JEFFREY J. BREWER, M.D., *et al.*,

        Defendants.

21-CV-1170 (JLS) (JJM)



---

## DECISION AND ORDER

Plaintiff Gwendolyn White-Manning commenced this action in New York State Supreme Court, Erie County, on October 4, 2021. She alleges that Defendants—29 medical professionals and groups—committed negligence and malpractice at the Buffalo Veterans' Affairs Medical Center from January 1, 2018, through January 5, 2020, causing the death of her husband, Richard L. Manning. On October 29, 2021, 21 Defendants—who are identified as employees of the United States (the "Federal Defendants")[1]—filed a notice of removal, pursuant to 28 U.S.C. § 1346(b)(1). Dkt. 1. The Court referred the case to United States Magistrate Judge Jeremiah McCarthy to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 9.

---

[1] United States Attorney Trini Ross certified that the Federal Defendants were "acting within the scope of their employment with the Department of Veterans Affairs with respect to the claims alleged in the summons and complaint." Dkt. 3-1.

The Federal Defendants moved to substitute the United States in their place and to dismiss for failure to exhaust administrative remedies. Dkt. 3. Plaintiff filed a response and a cross motion for remand. Dkt. 8. Plaintiff concedes that the United States should be substituted in place of the Federal Defendants and that it should be dismissed from this case, albeit without prejudice and with leave so that she may recommence the case once she has exhausted her administrative remedies. Plaintiff further argues that if the United States is dismissed, the claims against the remaining Defendants should be remanded. Plaintiff's claims were exhausted during the pendency of the motions. Dkt. 12.

Judge McCarthy issued a Report and Recommendation ("R&R") that granted the motion to substitute. Dkt. 13. The R&R also recommends granting the motion to dismiss, with leave to amend, because "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." Dkt. 13 at 4 (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)). The R&R further recommends denying the cross motion to remand. Neither party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply

or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts the R&R.

## CONCLUSION

For these reasons, the motion to dismiss is GRANTED and the cross motion to remand is DENIED. Plaintiff shall have until June 24, 2022, to file an amended complaint.

**SO ORDERED.**

Dated:   June 2, 2022
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE